■ DONALD C. HALLENBECK, JR., an Infant, by DONALD C. HALLENBECK, His Guardian ad Litem, et al., Respondents, v. CLIFTON VOGT, Defendant, and JESSE J. KAYE et al., Appellants.— Appeal from a judgment of the Supreme Court, Trial Term, Albany County, entered upon a verdict in favor of plaintiffs in an action for personal injuries and property damage predicated upon the alleged negligence of defendants-appellants in permitting two horses allegedly under their "care and control" to stray upon the highway so that the automobile in which plaintiffs were riding collided with one of the

horses. The only evidence relating to the care and control alleged was the testimony of the husband of the owner of the horses. Asked if he had any conversation with defendant Shirley P. Kaye he said, "Yes, we did." The record proceeds: " Q. And as a result of those conversations were any horses removed from your farm to the property of Mrs. Kaye? A. Yes. Q. When did that happen? A. That happened — I imagine — all the conversation was with my daughter, and that happened, I think, around July the 2nd. I think it was the day before the horses were hit — Mr. Scully, Sr.: I move to strike out the conversation. He said the conversation was with his daughter. The Court: We haven't received any conversation, Mr. Scully. Mr. MacHarg: The answer stands? The Court: Yes. Proceed. He says the horses were removed to the property of Mrs. Kaye on July 2nd." Later, the same witness said: " I wasn't there at the time that the horses were taken over, but there had been some talk of my daughter taking these horses over to Kayes' to see about teaching riding over there." It seems reasonably clear that the testimony bearing upon the crucial issue was predicated on a conversation or conversations which the witness did not hear. The witness: "we did", "I think" and "I imagine" (the latter repeated later) fortify this conclusion somewhat. We believe that the trial court (without our advantage of a considered perusal of the transcribed record) erred in its ruling. Further, when the court quoted the witness' testimony, the effect was to certify it to the jury as competent evidence, based on direct knowledge. Like error occurred in the charge, to which exception was taken. However, if the purport of the testimony be as the trial court considered and as respondents now contend, there is nevertheless no more than weak inference, if that, associating appellants, rather than their premises, with the horses. The mere statement that horses involved in an accident on a public highway were on the day before taken to the property of one not their owner seems to us too tenuous a support for liability. It is unfortunate that a trial and an appeal had to proceed on hearsay and conjecture when simple and usual pretrial procedure would have elicited competent proof. Judgment and order reversed on the law and facts and a new trial ordered, with costs to abide the event. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.